UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Michael Normand

   v.                               Civil No. 12-cv-322-LM

Hupa International
a/k/a Hupa International, Inc.


**NOTICE OF RULING**

    Re:  Document No. 8, Proposed Discovery Plan

The parties' proposed discovery plan (doc. no. 8) is approved. However, the court orders the parties to file a supplement to the plan for the reasons explained below.

The parties' statement regarding electronic discovery is inadequate. Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or forms in which it should be produced . . . ." The parties' proposed discovery plan states only that the parties "do not anticipate any[] dispute regarding . . . electronically stored information, but they agree to discuss procedures . . . should the need arise . . . ." More is required under the rule.

Accordingly, the parties are ordered to meet and confer and file, on or before December 17, 2012, a joint motion to supplement the discovery plan that outlines more specifically their plans/agreements with respect to electronic discovery. The court refers the parties to the following outline of potential issues to discuss:

    1. Preservation. Counsel should attempt to agree on steps the parties will take to segregate and preserve ESI in order to avoid accusations of spoliation.

   2. E-mail Information. Counsel should attempt to agree on
      the scope of e-mail discovery and e-mail search
      protocol.

   3. Back-up and Archival Data. Counsel should attempt to
      agree on whether responsive back-up and archival data
      exists, the extent to which back-up and archival data is
      reasonably accessible, and who will bear the cost of
      obtaining such data.

   4. Format and Media. Counsel should attempt to agree on the
      format and media to be used in the production of ESI,
      and whether production of some or all ESI in paper form
      is agreeable in lieu of production in electronic format.

   5. Reasonably Accessible Information and Costs. Counsel
      should attempt to determine if any responsive ESI is not
      reasonably accessible, i.e., is accessible only by
      incurring undue burdens or costs.

   6. Privileged or Trial Preparation Materials. Counsel also
      should attempt to reach agreement regarding what will
      happen in the event privileged or trial preparation
      materials are inadvertently disclosed.  See Fed. R.
      Evid. 502.

In light of the court's approval of the parties' proposed
discovery plan subject to the aforementioned modification, the
pretrial conference currently scheduled to occur on November 27,
2012, is cancelled.

Trial in this case is scheduled for the two-week trial period
beginning January 22, 2014.

                                    _____
                                    Landya McCafferty
                                    United States Magistrate Judge

Date:  November 26, 2012

cc:  Phillip S. Bixby, Esq.
     Martha C. Gaythwaite, Esq.
     Francis G. Murphy, Jr., Esq.